The UNITED STATES of America,
Plaintiff–Appellee,

v.

Susan J. KORDOSKY,
Defendant–Appellant.

No. 88-3333.

United States Court of Appeals,
Seventh Circuit.

Argued April 17, 1989.

Decided June 28, 1989.

John W. Vaudreuil, Asst. U.S. Atty., Madison, Wis. for U.S.

Alan G. Habermehl, Kalal & Habermehl, Madison, Wis. for Susan J. Kordosky.

Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge, and WILL, Senior District Judge.*

BAUER, Chief Judge.

On May 11, 1988, a grand jury returned a one-count indictment charging Susan Kordosky with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Before trial, Kordosky filed two motions to suppress evidence. The magistrate, in his Report and Recommendations, urged denial of the motions and the district court adopted the Report and Recommendations. Thereafter, Kordosky entered a conditional plea of guilty, pursuant to Federal Rule of Criminal Procedure 11(a)(2), reserving the right to appeal the district court's denial of her motions to suppress. The district court accepted Kordosky's plea and sentenced her to two years imprisonment and five years of supervised release. This is Kordosky's appeal from the district court's orders denying her motions to suppress.

* The Honorable Hubert L. Will, Senior Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

### A.

During his investigation of Kordosky for drug-related activities, Detective Richard Pharo of the Madison Police Department discovered that Kordosky's driving privileges were suspended and would remain suspended until May 10, 1988. Although Pharo received this information on April 19, 1988, and observed Kordosky driving on several occasions between April 19th and May 10th, he took no action to have her arrested. On May 10th, someone informed Pharo that Kordosky was planning to leave the Madison area. Pharo then went to Kordosky's house and maintained surveillance there until he saw her get into her car and drive away, accompanied by another woman. Acting upon Pharo's instructions, a police officer in a marked car stopped Kordosky.

Pharo then arrested Kordosky. According to Madison Police Department policy, a person operating a motor vehicle with a suspended license is subject to a full custodial arrest. Furthermore, the arrestee may not post bail at the site of the offense, but must accompany the arresting officer to the police station for booking. After arresting Kordosky, Pharo asked her and the other woman (who was later identified as Kordosky's sister, Layli) to get out of the car. After exhibiting great reluctance, Kordosky finally exited. Pharo noticed a bag containing small cotton balls and a bottle of Bacardi 151 rum, materials used to free-base cocaine, in the back seat of Kordosky's car. Detective Rickey, who arrived after Kordosky had been arrested, then searched the car. In a pocket attached to the dashboard, Rickey found a free-base pipe, a test tube, (both of which contained cocaine residue), straws and cotton balls. Pharo then placed Kordosky under arrest for possession of cocaine. Rickey searched Kordosky's purse and found $\frac{1}{16}$ ounce of cocaine. Pharo then advised Kordosky that she was also being charged with possession with intent to distribute cocaine. Pharo directed Rickey to seize the car for future civil forfeiture. Kordosky was then taken to the police station.

Rickey drove Kordosky's car to the station and conducted an inventory search of the vehicle. In a locked compartment in the trunk of her car, Rickey found $2,970 and 107 grams of cocaine.

### B.

In her first motion to suppress evidence, Kordosky claimed that the search of her car incident to the arrest violated the Fourth Amendment because her arrest was pretextual. *United States v. Lefkowitz*, 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877 (1932). On appeal, Kordosky does not challenge the following principles: that the arrest of a person upon probable cause justifies the search of the person, *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); and that when the arrestee is in a vehicle, the arrest justifies the search of the passenger compartment of the vehicle, including closed containers. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Nor does she challenge that Pharo's knowledge that she was driving on a suspended license gave him probable cause to arrest her. Rather, Kordosky claims that Pharo's motive in arresting her was improper—that he arrested her in order to search her car, not because he had probable cause to arrest her for driving on a suspended license. Because Pharo's motive in arresting her was improper, Kordosky claims, the search incident to her arrest was illegal.

The problem with this argument is that the test in this circuit to determine whether an arrest was pretextual is an objective one. *United States v. McCarty*, 862 F.2d 143, 148 (7th Cir.1988). *See also United States v. Hawkins*, 811 F.2d 210 (3rd Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *United States v. Nersesian*, 824 F.2d 1294 (2nd Cir.1987); *cert. denied*, — U.S. —, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987); *United States v. Causey*, 834 F.2d 1179 (5th Cir. 1987) (en banc) (rejecting previous Fifth Circuit "reasonable officer" test, which asks whether a reasonable officer would have made the arrest without an improper

motive to search, in favor of the purely objective test). *But see United States v. Smith*, 802 F.2d 1119 (9th Cir.1986) (subjective motive of arresting officers determines whether search was legal). Under the objective test, the search incident to the arrest is legal so long as the arresting officer possesses sufficient information to give him probable cause to arrest. The arresting officer's motive may be relevant only in establishing the facts that the officer knew at the time of the arrest. *McCarty*, 862 F.2d at 148 n. 3. In the present case, Pharo knew that Kordosky was driving on a suspended license and therefore had probable cause to arrest her. Because Pharo had probable cause to arrest, the district court properly denied Kordosky's motion to suppress evidence found in the search of her car incident to her arrest.

■ In her second motion to suppress evidence, Kordosky claims that the inventory search of her car was unlawful. Inventory searches of vehicles lawfully in the possession of police officers, in accordance with standard police procedures, are themselves lawful. *Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). Kordosky claims that the government did not establish that the inventory search of her car was conducted in accordance with standard police procedures. During a hearing before the magistrate on this issue, Detective Rickey first testified about his extensive experience with the Madison Police Department and then testified that the standard practice regarding the seizure of automobiles was to maintain control of the car, to inventory the vehicle, and to make a list of its contents. Kordosky claims that this testimony establishes, at most, the standard practice of Detective Rickey. The magistrate found, however, that the inventory search was conducted in accordance with standard Madison Police Department procedures and the district court adopted this finding. Because this finding is not clearly erroneous, the district court's order denying Kordosky's motion to suppress evidence found in the inventory search is therefore

Affirmed.

WILL, Senior District Judge, concurring.

The court's opinion is predicated on the basis that this circuit follows the "objective" test in determining whether or not a search incident to an arrest is legal. That test, as the opinion defines it, makes the search legal "as long as the arresting officer possesses sufficient information to give him probable cause to arrest." His motive and ultimate objectives are relevant, if at all, only if he did not have probable cause to arrest.

In *United States v. Lefkowitz*, 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877 (1932), the Supreme Court held that an "arrest may not be used as a pretext to search for evidence." In *Lefkowitz*, lawful arrests at the defendants' residence pursuant to valid arrest warrants were followed by a general search of the residence during which inculpatory evidence was found. Even though the arrests were clearly valid, they were held to be a pretext and not to warrant the general search of the premises.

Following *Lefkowitz*, a number of Circuit Courts of Appeal have held that searches pursuant to "pretextual" arrests are invalid. The test to be used in determining whether a stop was pretextual is whether a reasonable officer would have made the arrest and search "in the absence of illegitimate motivation." *United States v. Smith*, 799 F.2d 704, 708 (11th Cir.1986). The Eighth and Ninth Circuits, citing *Lefkowitz* and other cases, have held that if the motivation or primary purpose of the police is to search for evidence of a crime unrelated to the one for which the ostensible arrest is made the arrest is pretextual and the search illegal. In *Warren v. City of Lincoln, Neb.*, 816 F.2d 1254, 1257–58 (8th Cir.1987), the court said that "[a]n arrest ostensibly for one purpose but in reality for the primary purpose of furthering an ulterior goal is unreasonable under the fourth and fourteenth amendments." And the Ninth Circuit in *United States v. Smith*, 802 F.2d 1119, 1124 (9th Cir.1986), held that "[c]ourts have found improper

motivation where the defendant is arrested for a minor offense so as to allow police to search for evidence of some other unrelated offense for which police lack probable cause to arrest or search." The District of Columbia Circuit in *McKnight v. United States*, 183 F.2d 977 (D.C.Cir.1950), citing *Lefkowitz*, held that when " 'the search and not the arrest' " was the real motive, "the search is not reasonable within the meaning of the Constitution." *Id.* at 978 (quoting *Henderson v. United States*, 12 F.2d 528, 531 (4th Cir.1926)).

On the other hand, as the opinion here points out, a number of circuits have adopted what has come to be known as the "objective" as distinguished from the "subjective" test in determining the validity of a search incident to an arrest. *See United States v. Hawkins*, 811 F.2d 210 (3rd Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *United States v. Nersesian*, 824 F.2d 1294 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987); and *United States v. Causey*, 834 F.2d 1179 (5th Cir.1987) (en banc). Until *Causey*, the Fifth Circuit applied a "reasonable officer" test, i.e., whether a reasonable officer would have made the arrest without the motive to search for evidence of another crime.

The Seventh Circuit, in *United States v. D'Antoni*, 856 F.2d 975 (7th Cir.1988), a case not referred to in the opinion here, found the arrest there not to be pretextual but said:

> As the government concedes, it is well established that an arrest may not be used as a mere pretext to avoid the warrant requirement of the fourth amendment. *United States v. Lefkowitz*, 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877 (1932). This rule generally has been confined to certain narrow circumstances. For example, when law enforcement officials follow a suspect, waiting for him to commit some minor offense, then arrest him and use the arrest to collect statements or evidence of another crime, courts may require suppression of the evidence gained in this way. *See, e.g.,*

*United States v. Keller*, 499 F.Supp. 415, 418 (N.D.Ill.1980).

*Id.* at 979.

Subsequently, the question arose in *United States v. McCarty*, 862 F.2d 143 (7th Cir.1988). The court there expressly adopted the objective test and held that the arresting officers' subjective reasons for stopping a defendant are irrelevant so long as the facts they know give them probable cause to do so.

There is no question here that the motive for arresting the defendant on May 10, 1988 was to search her and her car for narcotics. Detective Richard Pharo of Madison, Wisconsin's Intra County Narcotics and Vice Bureau had been investigating her for some time. On March 4, 1988, he obtained a search warrant for her house and two automobiles registered in her name. Acting on the search warrant, he found ¼ pound of cocaine, approximately $9,000 in cash, a semi-automatic pistol and drug paraphernalia. Kordosky was arrested but, for reasons which are not clear, was released the next day and never charged.

Pharo continued his investigation of her and, in mid-April, learned that her driver's license had been suspended for two months from March 10th through May 10th. At 5:30 p.m. on May 10th, Pharo received word from an informant that Kordosky intended to leave Madison. He quickly arranged a stake-out of her residence to see if she would drive her car on the last day of the suspension. She did and the arrest and search described in the court's opinion followed at 7:30 p.m.

It is difficult to conceive of a more pretextual arrest. In fact, both Magistrate Groh and Judge Crabb found or assumed that the arrest was pretextual. Pharo's unit had no responsibility for enforcement of traffic laws. Under Wisconsin law, the first offense of operating a motor vehicle after suspension is a *civil* offense punishable only by fine and further driving restrictions, a minor offense.

While the opinion does not expressly so state, it is clear to me that the objective test necessarily makes motive irrelevant.

Even this court's statement in *D'Antoni* "that an arrest may not be used as a mere pretext to avoid the warrant requirement of the fourth amendment," 856 F.2d at 979, is inconsistent with the statement in the opinion here that a search incident to an arrest is legal so long as the arresting officer had sufficient information to give him probable cause to arrest even though his motive may have been to search for evidence of a crime unrelated to the arrest.

The result of the "objective" test is clearly inconsistent with the abjuration in *Lefkowitz* that an arrest may not be used as a "pretext to search for evidence." It seems to me that, given the diametrically opposed interpretations of the fourth amendment reflected in the decisions of the various circuits and the frequency with which the issue arises, clarification is badly needed.

I concur here because this circuit, rightly or wrongly, has determined that any basis for a valid arrest justifies a search regardless of the motive or intent of the arresting officer or how pretextual the arrest is. If this were a matter of first impression, I would adhere to *Lefkowitz* and the cases which hold that a pretextual arrest is not a valid basis under the fourth amendment for a general search for evidence and that, accordingly, the search here was invalid.

As to the inventory search, I find it reasonable to conclude that the procedure used by Detective Rickey was established by the police department and not created by him alone. Given that this circuit follows the "objective test" to determine whether or not a search incident to an arrest is legal, the subsequent inventory search was proper. However, if the arrest itself was pretextual and unlawful, following *Lefkowitz*, the evidence seized during the inventory search would also have to be suppressed as the fruit of the poisonous tree.