The UNITED STATES of America,
Plaintiff–Appellee,

v.

Susan J. KORDOSKY,
Defendant–Appellant.

No. 88–3333.

United States Court of Appeals,
Seventh Circuit.

Decided July 31, 1990.

**220**

John W. Vaudreuil, Asst. U.S. Atty., Madison, Wis., for plaintiff-appellee.

Alan G. Habermehl, Kalal & Habermehl, Madison, Wis., for defendant-appellant.

Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge, and WILL, Senior District Judge.*

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

BAUER, Chief Judge.

This case is before us on remand from the Supreme Court for further consideration in light of *Florida v. Wells*, 495 U.S. ——, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990). In *Wells*, the Supreme Court affirmed the

Florida Supreme Court's decision, *Florida v. Wells*, 539 So.2d 464 (Fla.1989), granting the defendant's motion to suppress evidence. The Florida Supreme Court found that the Highway Patrol had no policy whatever with respect to the opening of closed containers encountered during an inventory search. 110 S.Ct. at 1635.

In our previous opinion, *United States v. Kordosky*, 878 F.2d 991 (7th Cir.1990), in which the facts are fully set forth, we affirmed the district court's orders denying Susan Kordosky's motions to suppress. Kordosky's first motion alleged that the search of her car incident to arrest violated the Fourth Amendment because her arrest was pretextual. *See United States v. Lefkowitz*, 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877 (1932). We disagreed, and this decision is not implicated by *Wells*. In her second motion, Kordosky claimed that the inventory search of her car, which revealed $2,970 and 107 grams of cocaine in a locked compartment of the car's trunk, was unlawful. The magistrate found however, and the district court adopted this finding, that the search was conducted in accordance with the established police procedures of the Madison Police Department and therefore not unlawful. *See Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). We held that this a finding was not clearly erroneous.

Detective Rickey, of the Madison Police Department, conducted the inventory search of Kordosky's car. At the suppression hearing, Rickey testified that he had been a police officer for nine and a half years and had been assigned to the narcotics unit for the previous four years. He further testified that he had inventoried items in impounded cars seven or eight times by himself, and with other officers, maybe 10 to 20 times. Rickey then was asked, "what is your standard practice" in this situation. Rickey replied, "to maintain control of the car, to inventory the vehicle, to list all the items as nearly as possible."

---

* The Honorable Hubert L. Will, Senior Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

Transcript of Evidentiary Hearing, July 5, 1988, p. 66.

Neither direct examination nor cross examination elicited from Rickey whether "your" standard practice referred to the standard practice of the Madison Police Department or simply the standard practice of Detective Rickey. We inferred that the standard practice of an officer of several years who has conducted approximately twenty to thirty inventory searches by himself and with other officers, would also be the standard practice of the police department for which he works. In light of *Wells*, Rickey specifically should have been asked the standard practice of the Madison Police Department. Rickey also should have been asked whether "to list all items as nearly as possible" meant opening closed containers pursuant to the Madison Police Department rules.

We therefore remand this case to the district court with directions for it to hold an evidentiary hearing so that these questions can be addressed.

SO ORDERED.