986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith R. HAYES, Defendant-Appellant.
 No. 92-2388.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1992.*
Decided Feb. 19, 1993.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Keith R. Hayes entered a conditional plea of guilty to a charge of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), preserving his right under Fed.R.Crim.P. 11(a)(2) to appeal the district court's denial of his motion to suppress. Hayes claims that the warrantless search of his automobile was neither a proper inventory search, nor supported by probable cause. Hayes also challenges his sentence, claiming that the district court erred in refusing to depart downward from the Sentencing Guidelines because his criminal history score over-represents his actual criminal past. The district court correctly determined that the search of Hayes' automobile fell within the automobile exception, and the court's discretionary refusal to depart downward from the applicable Sentencing Guidelines range is not subject to appellate review. We therefore affirm the district court's denial of the motion to suppress, and dismiss Hayes' appeal of his sentence for want of jurisdiction.
 
 I. Background
 
 2
 On December 27, 1991, Agent Randall E. Kuzia of the Racine County Metro Drug Enforcement Unit received a call from the manager of the Knights Inn motel in Racine, Wisconsin, informing him that a maid had found what appeared to be drug paraphernalia in a room at the motel. Agent Kuzia arrived at the motel, and was given two gram scales, several small plastic baggies, two bottles of powder, and miscellaneous drug paraphernalia that had been taken from the room. Agent Kuzia determined from the motel register that the room had been rented to Keith Hayes, who gave a Milwaukee address and a birth date. Agent Kuzia then called the police department for further information on Hayes, and found that his driver's license had been suspended. In the meantime, Hayes came to the motel lobby counter and demanded the items that had been left in his room. Upon being told by the manager that the items had been discarded, Hayes left the motel.
 
 
 3
 After checking the garbage can outside the motel, Hayes got into an automobile and left the motel parking lot. Agent Kuzia, who by this time had entered his car and radioed for a squad car to assist him, followed Hayes for a few minutes in a residential area. Agent Kuzia blocked Hayes' path as Hayes was attempting to exit the driveway of an apartment building, identified himself as a police officer and ordered Hayes from his car. Agent Kuzia took Hayes into custody for driving on a suspended license and patted him down. The search produced a small plastic bag of cocaine and a second small bag of marijuana, as well as approximately $341 in currency.
 
 
 4
 Within less than one minute of the stop, Agent Jes Bickel, whom Agent Kuzia had originally called to cover him, arrived and transported Hayes to the police station. Agent Kuzia then radioed for Agent Brian Annen to assist him in removing Hayes' car. Agent Annen drove Hayes' car to the Sheriff's Department substation, where Annen, with some assistance from Kuzia, conducted a search. A paper bag containing two plastic bags of cocaine and a brick of cocaine wrapped in green cellophane tape were found. Those items, and others also believed to constitute evidence, were inventoried by Agent Annen. A complete inventory of the items found in Hayes' car during the search was not made.
 
 
 5
 A federal grand jury returned a one-count indictment against Hayes, charging him with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Hayes initially pleaded not guilty and filed a motion to suppress the evidence seized from his car. An evidentiary hearing was held before Magistrate Judge Bittner. At the hearing, Agent Kuzia testified that he had called Agent Annen to the scene for the purpose of conducting a thorough search of Hayes' automobile. Agent Kuzia stated that he believed he had established probable cause to search the automobile based on the narcotics he had found on Hayes' person during the pat-down search, and also because he intended to seize the vehicle for purposes of civil forfeiture. Agent Kuzia and Agent Annen testified that the Metro Unit had no written policy or procedure for conducting inventory searches of seized vehicles or of containers in such vehicles. Items found in Hayes' car but not considered important for evidentiary purposes were not noted on the inventory report.
 
 
 6
 Magistrate Judge Bittner recommended that the motion to suppress be denied because the search of Hayes' car was an evidentiary search supported by probable cause. Judge Warren made an independent examination of the record and accepted the magistrate judge's recommendation. Pursuant to a written plea agreement with the government, Hayes entered a conditional plea of guilty. The district court accepted the plea.
 
 
 7
 A sentencing hearing was held on June 2, 1992. A presentencing report calculated Hayes' Total Offense Level at 24, with a criminal history category of V, producing a Sentencing Guideline imprisonment range of 92 to 115 months. The report also suggested that the court may want to depart upward from the Guidelines, since Hayes' criminal history category may under-represent the seriousness of his past crimes. At the hearing, the parties made no objection to the factual accuracy of the report, but Hayes argued that the criminal history category overstated his criminal background, and that the court had the authority to depart downward from the applicable range on that basis. The court closely questioned Hayes concerning the circumstances of his life and of his past crimes, and then stated, "I appreciate the comments of counsel, and respect his arguments, but I do not believe that this is the kind of case where I would have any justification for departing from the Guidelines, and I have to take cognizance of the terrible record you have." The court accordingly imposed a sentence of 115 months imprisonment, followed by five years of supervised release. Hayes filed a timely appeal, and the district court granted his subsequent motion to proceed in forma pauperis on appeal.
 
 II. Analysis
 
 8
 A. The district court's denial of the motion to suppress.
 
 
 9
 The starting point of the analysis requires a determination of whether the warrantless search of Hayes' automobile properly falls within the automobile exception to the warrant requirement. See California v. Carney, 471 U.S. 386 (1985); United States v. Ross, 456 U.S. 798 (1982); Chambers v. Maroney, 399 U.S. 42 (1970). If so, it must be supported by probable cause, see, e.g., Chambers, 399 U.S. at 51-52, but it need not conform to the requirements of Florida v. Wells, 495 U.S. 1 (1990), which governs inventory searches of impounded vehicles when there is no probable cause to believe that evidence of a crime may be found.
 
 
 10
 It is well-settled that the ready mobility of an automobile and its "pervasive regulation" result in an objectively lower expectation of privacy in its contents. Carney, 471 U.S. at 391-92; United States v. Gallman, 907 F.2d 639, 641 (7th Cir.1990), cert. denied, 111 S.Ct. 1110 (1991). Individuals have always been on notice that an automobile may be stopped and searched when police have probable cause to believe that it contains contraband. Carney, 471 U.S. at 392 (citing Ross, 456 U.S. at 806 n. 8).
 
 
 11
 In this case, Hayes was driving his car when Agent Kuzia stopped him, ordered him to come out, and patted him down. At that time, Agent Kuzia had reason to believe that Hayes was driving on a suspended license and that the drug paraphernalia found in the motel room that had been registered in his name belonged to him. While patting Hayes down, Agent Kuzia found cocaine and marijuana on his person. On these facts, it would have been reasonable to search Hayes' automobile for contraband immediately. See Carney, 471 U.S. at 394-95 (search must be reasonable, so that a magistrate presented with the same facts could have authorized it). Moreover, the search could include a search of a package or other container found inside the car, as long as the container was capable of concealing the object of the search. See California v. Acevedo, 111 S.Ct. 1982, 1986 (1991); Ross, 456 U.S. at 800, 825.
 
 
 12
 Removing the car from the scene of Hayes' arrest and impounding it in the Sheriff's substation does not take the subsequent search out of the automobile exception, provided removing the car to the substation was reasonable under the circumstances.[1] See Chambers, 399 U.S. at 52, 52 n. 10; see also United States v. Johns, 469 U.S. 478, 481, 484-85 (1985) (where officers had probable cause to search, they were permitted to take trucks to DEA headquarters before searching them). In this case, Agent Kuzia reasonably believed he had established probable cause to search Hayes' car for drugs, and determined that a thorough search should be conducted at the substation rather than in a residential area.[2] As in Chambers, a careful search at the scene of Hayes' arrest would have been impractical. 399 U.S. at 52 n. 10.
 
 
 13
 Hayes also briefly contests the district court's determination that the search was supported by probable cause, claiming that the court drew this conclusion after-the-fact. We review the district court's determination only for clear error. United States v. Fryer, 974 F.2d 813, 818 (7th Cir.1992), petition for cert. filed, No. 92-6832 (U.S. Nov. 30, 1992); United States v. Spears, 965 F.2d 262, 269 (7th Cir.), cert. denied, 113 S.Ct. 502 (1992). As discussed above, Agent Kuzia reasonably believed he had probable cause to search the car after he observed Hayes attempt to reclaim possession of drug paraphernalia that had been left in his motel room, and after he found drugs on Hayes' person. Under these circumstances, there was no error in the district court's conclusion that the search was supported by probable cause.[3]
 
 
 14
 B. The district court's refusal to depart downward from the Sentencing Guidelines.
 
 
 15
 A district court's decision not to depart downward from an applicable Sentencing Guidelines range is generally not reviewable unless based on an incorrect application of the Guidelines, or an erroneous conclusion of law. Where the district court's decision not to depart downward is based on its exercise of judicial discretion, that decision is not subject to appellate review. 18 U.S.C. § 3742(a); see United States v. Helton, 975 F.2d 430, 434 (7th Cir.1992); United States v. Poff, 926 F.2d 588, 590-91 (7th Cir.), cert. denied, 112 S.Ct. 96 (1991); United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989).
 
 
 16
 Hayes challenges the merits of the district court's decision not to depart from the Guidelines, and offers no evidence to suggest that the district court erroneously believed it lacked the authority to depart downward. See Helton, 975 F.2d at 434; cf. Poff, 926 F.2d at 590-91 (judge erroneously concluded he had no authority to depart). The transcript of the sentencing hearing shows that Hayes' counsel argued to the court that it had the legal authority to depart downward if it determined that Hayes' criminal history score over-represented the true seriousness of Hayes' past crimes. Furthermore, the sentencing report indicated to the court that it had the authority to depart upward from the Guidelines if it drew the opposite conclusion. Before imposing the sentence, the court questioned Hayes in some detail concerning the circumstances of his life and of his past crimes. The record thus indicates that the court was aware of its legal authority to depart from the Guidelines, and made a discretionary decision not to do so.
 
 
 17
 Furthermore, Hayes' argument that the district court committed reversible error because it did not explicitly address the merits of Hayes' request for a downward departure seems to miss the mark. The record need only provide sufficient information for this court to be satisfied that the district court's decision is not based on an erroneous interpretation of the Sentencing Guidelines. See Williams v. United States, 112 S.Ct. 1112, 1118-19 (1992). Since we do not review the merits of the district court's decision not to depart from the Guidelines, Helton, 975 F.2d at 434, explicit findings justifying this decision would appear to be superfluous.
 
 III. Conclusion
 
 18
 The district court was correct in holding that the search of Hayes' automobile was an evidentiary search supported by probable cause, and made a discretionary decision not to depart from the Sentencing Guidelines. The denial of the motion to suppress is accordingly AFFIRMED, and Hayes' appeal of his sentence is DISMISSED.
 
 
 
 *
 After notice of oral argument was sent to the parties, counsel for Defendant-Appellant moved to waive oral argument. See Fed.R.App.P. 34(f); Cir.R. 34(e). The court granted that motion on December 16, 1992, and the appeal was submitted on the briefs and record
 
 
 [1]
 The search of Hayes' automobile need not be justified as a search incident to the arrest, provided it was supported by probable cause, Chambers, 399 U.S. at 47, and the removal of the car to the substation was reasonable under the circumstances, id. at 51-52
 
 
 [2]
 It may be noted that once Agent Kuzia established probable cause to search, it does not matter that Agent Annen conducted the actual search. Agent Annen was entitled to rely on Agent Kuzia's determination of probable cause without reweighing the specific facts that led Agent Kuzia to seek his assistance. See United States v. Hensley, 469 U.S. 221, 230-231 (1985)
 
 
 [3]
 The present case is distinguishable from United States v. Kordosky, 921 F.2d 722 (7th Cir.), aff'g 878 F.2d 991 (7th Cir.1989), cert. denied, 112 S.Ct. 94 (1991), where the defendant was arrested for driving on a suspended license. In that case, the magistrate judge and the district court determined that the subsequent search of her impounded automobile was an inventory search, and the issue concerned whether that inventory search conformed to the requirements of Florida v. Wells, 495 U.S. 1 (1990). In this case, upon consideration of all the facts and circumstances known to Agent Kuzia at the time of Hayes' arrest, see, e.g., Illinois v. Gates, 462 U.S. 213 (1983), the magistrate judge and the district court determined that Agent Kuzia had probable cause to search Hayes' car for evidence of drugs